UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>PEDRO HERNANDEZ-CARLON,<br><br>Defendant. | Crim. Action No. 05-0246-05<br>DAR |

## MEMORANDUM OF FINDINGS OF FACT
## AND STATEMENT OF REASONS IN
## SUPPORT OF ORDER OF DETENTION

### I. INTRODUCTION

Defendant is charged by indictment with conspiracy to commit offenses against the United States in violation of 18 U.S.C. § 371; possession of fraudulent documents prescribed for authorized stay or employment in the United States in violation of 18 U.S.C. § 1546(a); production of false identification documents in violation of 18 U.S.C. § 1028(a)(1); transfer of false identification cards in violation of 18 U.S.C. § 1028(a)(2); possession of five or more false identification documents in violation of 18 U.S.C. § 1028(a)(3); possession of document-making implements in violation of 18 U.S.C. § 1028(a)(5); and aiding and abetting the production of fraudulent documents in violation of 18 U.S.C. § 1028(b)(1) and (2). A detention hearing was conducted by the undersigned United States Magistrate Judge on October 11, 2005.

Upon consideration of the proffers and arguments of counsel and the entire record herein, the Defendant was ordered held without bond pursuant to 18 U.S.C. § 3142(e). The findings of fact and statement of reasons in support of the Order of Detention follows.

### II. THE BAIL REFORM ACT

The Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq. (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no

United States v. Hernandez-Carlon                                                                                                    2

condition or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial." 18 U.S.C. § 3142(e). Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention. United States v. Salerno, 481 U.S. 739, 755 (1987); United States v. Simpkins, 826 F.2d 94, 98 (D.C. Cir. 1987); United States v. Perry, 788 F.2d 100, 113 (3d Cir. 1986); United States v. Sazenski, 806 F.2d 846, 848 (8th Cir. 1986).

Where the government seeks pretrial detention on the ground that no condition or combination of conditions will reasonably assure the appearance of defendant as required, it has the burden of establishing by a preponderance of the evidence that the defendant will flee before trial if released. United States v. Vortis, 785 F.2d 327, 328-29 (D.C. Cir.), cert. denied, 479 U.S. 841 (1986). The judicial officer must determine that "it is more likely than not that no condition or combination of conditions will reasonably assure an accused's appearance." United States v. Westbrook, 780 F.2d 1185, 1188-89 (5th Cir. 1986).

In determining whether there are conditions of release which will reasonably assure the appearance of the person as required and the safety of any other person and the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the defendant's release. 18 U.S.C. § 3142(g).

### III. DISCUSSION

Both the government and the Defendant proceeded by proffer. Counsel for the government proffered that defendant is an illegal alien and that defendant admitted that he was a citizen of Mexico when he was originally detained. Counsel further proffered that defendant

United States v. Hernandez-Carlon 3

admitted that he helped transport persons who sold illegal identification cards. Lastly, counsel proffered that defendant has no close ties to the community and has no incentive to remain in the United States if released.

Defendant's counsel proceeded by proffer as well. Defendant's counsel proffered that defendant played a minor roll in the alleged conspiracy, and that he is not charged with any overt acts. Defendant's counsel further proffered that defendant has a local address at which he can reside if he is released.

## IV. **FINDINGS OF FACT**

Upon consideration of the factors enumerated at Section 3142(g) of the Act, the undersigned finds by a preponderance of the evidence that no condition of release or combination of conditions would reasonably assure defendant's appearance in court. First, the nature and circumstances of the offenses charged indicate that the Defendant has been actively engaged in the distribution manufacture and distribution of illegal identification cards.

Second, for the reasons proffered by counsel for the government, the undersigned finds that the weight of the evidence against the Defendant is compelling.

Third, Defendant's history and characteristics mitigate against pretrial release. Of particular significance is that Defendant is in the United States illegally and is a citizen of Mexico.

The undersigned finds that the evidence proffered by the government compels the conclusion that Defendant is not amendable to community supervision.

## V. **CONCLUSION**

On the basis of the foregoing findings of fact and reasons, Defendant will be held without bond pursuant to the October 11, 2005 Order of Detention.

United States v. Hernandez-Carlon                                                    4

/s/
DEBORAH A. ROBINSON
United States Magistrate Judge


October 21, 2005
DATE