UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v.    : | Crim. No. 05-246-05(RMC) |
| : | |
| PEDRO HERNANDEZ-CARLON, : | |
| Defendant  : | |

**MEMORANDUM OF ADDITIONAL POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO DISMISS SUPERCEDING INDICTMENT**

The defendant, Pedro Hernandez-Carlon, through undersigned counsel, respectfully submits the following Memorandum of Additional Points and Authorities in Support of the previously filed Motion to Dismiss Pursuant to FRCP 48(b) filed on behalf of defendant #2, David Mora Gil, and adopted on October 28, 2005 by defendant Hernandez-Carlon. In support of this motion, the defendant states the following:

1. An arrest on civil charges by the Immigration and Naturalization Service (INS, now an agency of Homeland Security known as Immigration and Customs Enforcement, or ICE) does not normally trigger the thirty-day clock under the Speedy Trial Act (S.T.A.). *See, e.g., United States v. Cepeda-Luna,* 989 F.2d 353, 356-58 (9th Cir.1993) (STA not triggered when defendant detained on civil charges by INS); *See also United States v. Noel,* 231 F.3d 833, 836 (11th Cir.2000) and cases cited therein. However when there is evidence of collusion between INS (or ICE) and the prosecuting authority, or evidence that the detention was for the sole or primary purpose of preparing for criminal prosecution, the provisions and remedies of the S.T.A. must be applied. *See United States v. Cepeda-Luna,* 989 F.2d at 354 (stating that the S.T.A. may be triggered by a civil arrest

"in cases of collusion between Immigration and Naturalization officials and criminal authorities, where the civil detention is merely a ruse to avoid the requirements of the Speedy Trial Act");  See also *United States v. Drummond,* 240 F.3d 1333, 1336 (11th Cir.2001) (S.T.A. triggered where defendant demonstrates that primary or exclusive purpose of civil detention was to hold him for future criminal prosecution);  *United States v. De La Pena-Juarez,* 214 F.3d 594, 598 (5th Cir.2000) (same); *United States v. Grajales-Montoya,* 117 F.3d 356, 366 (8th Cir.1997) (S.T.A. applies to civil deportation proceedings when federal officials, solely to evade the act, have colluded with civil authorities to detain a defendant pending federal criminal charges).

2.  In cases where a deportable alien is being held and a speedy trial violation is alleged, "the issue before (the) Court is whether the Defendant's detention was primarily civil or criminal in nature." *United States v. Bravo*, 2004 WL 1535787 at 1.  In *Bravo*, a case on all fours with Mr. Hernandez-Carlon's predicament, the defendant was not indicted until almost two months after his arrest as a deportable alien, despite evidence that the ICE agent knew at the time of arrest that the primary purpose in arresting him was to proceed with a criminal prosecution; the agent also wanted to assure that the defendant was not deported before he was indicted. *Id.* at 2. The District Judge ruled that the agent had probable cause to arrest for a criminal offense at the time of the arrest, that the defendant therefore had been awaiting trial on criminal charges from the outset of his detention--and that dismissal with prejudice based upon a violation of the thirty-day limit of the S.T.A. was the appropriate remedy. *Id.*

3.  Here too the indictment must be dismissed because ICE agents arrested the defendant pursuant to its criminal investigation, "Operation Card Shark…a long term-

investigation focusing on the numerous document-vending enterprises that operate in the 1600-1800 block of Columbia Road NW in Washington DC." *INS Form I-213 for Pedro Hernandez-Carlon, executed on August 2, 2005*. At the time of Mr. Hernandez-Carlon's arrest, the Government had more than probable cause to arrest him for the instant offenses. It had already indicted defendants one, two and three for the same conspiracy that it was about to allege against this defendant; had already established the only overt act cited against the defendant in Count One, i.e. Mr. Hernandez-Carlon's presence at the so-called document factory in this case, 526 Tuckerman Street, NW <u>on July 26, 2005, a week before his arrest </u>(emphasis added); and presumably already had sufficient evidence to establish the defendant's role as the alleged "driver" who ferried documents between the "factory" and their place of sale. [1] "When an ICE agent plans and executes a criminal arrest, the ensuing detention is treated no differently that any other for Speedy Trial Act purposes." *Bravo*, 2004 WL 1535787 at 3.

    4. Also, while Mr. Hernandez-Carlon was detained as a deportable alien pending the formal lodging of a criminal complaint or indictment against him, there is no evidence that ICE was actually taking the appropriate steps to deport him. On the contrary, law enforcement agents used his period of detention to gather additional evidence against him before lodging its criminal charges, including interrogating him on September 1, 2005, a month after his arrest, about matters directly tied to the manufacture and sale of fraudulent documents alleged in the superceding indictment that was returned three weeks later on September 22, 2005. *See United States v. Vasquez-Escobar,* 30 F.Supp.2d 1364 (M.D.Fla.1998) (defendant's detention for five months between initial INS civil arrest and subsequent indictment for violating re-entry statute violated the STA

---

[1] While the defendant has received some discovery materials, the discovery process remains ongoing. Thus the defense can summarize the evidence against Mr. Hernandez-Carlon, and the chronology of how and when it was obtained by the prosecution, in only a limited fashion. An evidentiary hearing is necessary to flesh out these issues.

where government admitted that it held him not to effectuate deportation, but to provide it time to establish the criminal violation); *See also United States v. Restrepo,* 59 F. Supp 2d 133 (D. Mass. 1999);   *United States v. Pena*, 73 F. Supp. 2d 56, 59 (D. Mass. 1999) (indictment 50 days after initial arrest by INS held to be violation of S.T.A. where no effort was made to take steps necessary to deport defendant, and detention served only to facilitate preparation of the criminal case; indictment dismissed with prejudice). *United States v. Okuda*, 675 F. Supp. 1552 (D. Hawaii 1987) ( defendant's arrest by INS initiated the 30 day S.T.A. period where Government intended to charge defendant with same criminal charge as immigration violation; case dismissed with prejudice although complaint was filed only three days after arrest and indictment filed thirty one days thereafter).

5. An evidentiary hearing on the previously filed Motion to Dismiss Superceding Indictment is requested.

                                                Respectfully submitted,

                                                _____
                                                Mitchell M. Seltzer, #261933
                                                Counsel for Mr. Hernandez-Carlon
                                                717 D Street, N.W. #310
                                                Washington, D.C. 20004
                                                (202) 347-2333

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing Memorandum of Additional Points and Authorities was served electronically upon A.U.S.A. Fred Yette and upon each codefendant's counsel of record this __1st__ day of November 2005.

                                                                            _____